IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:21-CR-238-16 |
| | : | |
| v. | : | |
| | : | |
| NOEMI HERNANDEZ | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is the Government's motion for reconsideration of the court's order vacating the judgment in this case and rescheduling sentencing. (Doc. 753.) For the reasons that follow, the court will deny the motion for reconsideration.

## BACKGROUND[1]

On August 18, 2021, Defendant Noemi Hernandez ("Hernandez"), along with sixteen other co-conspirators, was indicted with one count of conspiracy to distribute and possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. § 846. (Doc. 1.) On June 13, 2023, Hernandez pleaded guilty to Count 1 and remained released pending sentencing due to the exceptional circumstance of caring for her incapacitated child. (Doc. 594.)

Prior to sentencing, a sentencing memorandum was filed on Hernandez's behalf wherein counsel briefly stated that Hernandez is "the only caregiver to her

---

[1] Because the court writes primarily for the parties, the court only recounts the necessary background information in this memorandum.

1

daughter who suffers from cerebral palsy, developmental delays, and generalized epilepsy. . . . she utilizes a wheelchair and is nonverbal and requiring twenty-four-hour care." (Doc. 722, pp. 2, 5.) Counsel asked in the conclusion for the court to "consider a sentence of home confinement." (*Id.* at 10.) Hernandez appeared for sentencing on December 17, 2024. Counsel set forth the same arguments as in his sentencing memorandum including the request for the court to consider some form of home confinement rather than incarceration. Hernandez was sentenced to thirty-seven months imprisonment and two years of supervised release. (Doc. 732.)

On December 23, 2024, the court entered an order vacating the judgment under Federal Rule of Criminal Procedure 35(a) because the court "did not have adequate information regarding Defendant's individual characteristics at the time of sentencing in order to make a fully informed determination pursuant to 18 U.S.C. § 3553, including, but not limited to, Defendant's caretaking role of her disabled daughter." (Doc. 735.) The court also appointed new counsel for Hernandez and scheduled a resentencing hearing for April 15, 2025. (Doc. 736, 737.) Following a telephone conference with counsel, which was convened at the request of the parties, Hernandez asked for a general continuance of the sentencing hearing. (Doc. 751.) The court granted this request. On March 26, 2025, the Government filed the instant motion for reconsideration of the court's order

vacating the judgment and brief in support thereof.  (Docs. 753, 754.)  Hernandez opposed the motion on April 9, 2025.  (Doc. 756.)  Thus, this motion is ripe for review.

## STANDARD OF REVIEW

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of."   A "mere disagreement" with a court's legal conclusion is not a sufficient basis for reconsideration.  *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (citing *Mpala v. Smith*, No. 3:06-CV-00841, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007)).

Although a court may reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005).  The decision of whether to grant a

motion for reconsideration is left to the discretion of the district court. *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

## DISCUSSION

The Government argues that the court made a clear error of law in vacating Hernandez's judgment because the court did not have the authority to do so. (Doc. 754, pp. 2–5.) Citing Federal Rule of Criminal Procedure 35 and Third Circuit precedent, the Government submits that the court lacked the authority to vacate Hernandez's sentence under Rule 35 because the reasons detailed in the court's order do not qualify as an "other clear error." (*Id.*)

In opposition, Hernandez argues that the court should deny the Government's motion because the court has a "mandatory, procedural obligation to fully assess the § 3553(a) factors at the time of sentencing," and the case relied on by the Government is distinguishable. (Doc. 756, pp. 3–10.) Hernandez submits, citing to a variety of cases from this Circuit and beyond, that by failing to properly consider all relevant 18 U.S.C. § 3553(a) factors, the court made a procedural error that would warrant remand. (*Id.*)

Federal Rule of Criminal Procedure 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The rule does not define "other clear error." Here, because both parties and the court agree that the court did not vacate the judgment

based on an arithmetical or technical error, the court must examine the meaning of "other clear error."

In *Unites States v. M.M.*, 23 F.4th 216 (3d Cir. 2021), the Third Circuit noted that the Advisory Committee's notes state that "other clear error" only extends "to those cases in which an obvious error or mistake has occurred in the sentence that would almost certainly result in a remand of the case to the trial court." *M.M.*, 23 F.4th at 220 (quoting FED. R. CRIM. P. 35(a) advisory committee's note to 1991 amendments) (quotations omitted). The court continued:

> The Rule is "intended to be very narrow" and "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence.

*Id.* (quoting FED. R. CRIM. P. 35(a) advisory committee's note to 1991 amendments). Acknowledging that it is not clear from the plain text of Rule 35(a) what criteria should be used to determine whether an action is a "clear error," the court held that "clear error must be akin to an arithmetical or a technical error." *Id.* at 220–21. The court concluded that clear "errors—like arithmetical and technical errors—are easily identifiable and readily ascertained from the sentencing proceeding and judgment." *Id.* at 221. Therefore, if the court's ability "to detect error in this case depends entirely on the District Court's *post hoc* clarification, then such error could hardly be clear." *Id.* at 224.

5

With this understanding of the meaning of "other clear error," the court perceives that it committed an obvious error in the sentencing hearing that would almost certainly result in a remand of the case.  That is because the court completely failed to address or even acknowledge the alternate sentence request for home confinement made under Section 3553(a)(3).  A review of the transcript from sentencing reveals that the court did not address Section 3553(a)(3) or counsel's request for a sentence of home confinement.  This error is clear from the face of the record without any additional explanation from this court.  *See M.M.*, 23 F.4th at 221, 224.[2]  Thus, based on Third Circuit precedent, the court finds that it committed a procedural error at sentencing that would almost surely result in a remand based on binding Circuit precedent.  *See, e.g.*, *United States v. Begin*, 696 F.3d 405, 414 (3d Cir. 2012) (finding that the district court committed a procedural error by failing to acknowledge or rule on defendant's specific variance request under Section 3553); *United States v. Merced*, 603 F.3d 203, 224–25 (3d Cir. 2010) (holding that the district court committed a procedural error by not addressing Section 3553(a)(6) because the court "should respond to colorable arguments with a factual basis in the record").

---

[2] The procedural error in this case is distinct from the situation in *M.M.*  In *M.M.*, the court concluded that it was impossible to determine from the sentencing record alone whether the district court erred in making its sentencing determination.  23 F.4th at 223–24.

In order to reach this conclusion, the court reviewed a rough transcript of the sentencing hearing provided by the court reporter at the court's request. The court is not relying upon its own *post hoc* explanation of the error that was stated in the order entered on December 23, 2024, six days after sentencing. (Doc. 735.) This point requires some clarification. To be clear, the court's explanation in the December 23 order was not informed by a review of the sentencing transcript. In that order, the court did not squarely identify the error warranting the vacatur of the sentence imposed. Instead, the court stated that it lacked sufficient information regarding Defendant's individual characteristics, particularly her caretaking role of her disabled daughter, to make a fully informed sentencing determination. (Doc. 735.) After careful review of the Advisory Committee's notes to Rule 35 as well as the *M.M.* decision, the court appreciates that the reason stated in the December 23 order is, in fact, *not* a sufficient reason to correct a sentence pursuant to Rule 35(a). In particular, the court is mindful of the portion of the Advisory Committee's note to the 1991 Amendments stating:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

The Government was entirely right to file a motion for reconsideration of the December 23 order because the reason stated by the court for vacating the sentence

7

pursuant to Rule 35(a) was not sufficient as it does identify an "other clear error" that qualifies for Rule 35(a) action.

However, Hernandez opposed the Government's motion for reconsideration and argued that the court did, in fact, commit an "other clear error" at sentencing. In order to resolve the opposed motion for reconsideration, the court carefully reviewed the parties' arguments, the sentencing record, and the cited authorities. Based on that review, the court concludes that there was a basis to correct the sentence pursuant to Rule 35(a) because the court, in fact, committed an obvious procedural error in the sentencing hearing that would almost certainly result in a remand of the case. In other words, the review necessitated by the motion for reconsideration has led the court to conclude that there was a sound reason to invoke Rule 35(a), albeit a different reason than was stated by the court in the December 23 order without the benefit of reviewing the sentencing transcript.

However, this is not the end of the court's analysis. In her plea agreement, Hernandez agreed to a conditional appeal waiver on the express condition that the court impose a sentence within or below the applicable guideline range. (Doc. 569, p. 21.) The sentence imposed was within the applicable guideline range. As a result, the appellate waiver provision in the plea agreement applies, meaning that Hernandez has waived her right to bring a direct appeal including "any and all possible grounds for appeal, whether constitutional or non-constitutional,

including, but not limited to, the manner in which the sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005)." (*Id.* at 21–22.) When the Government invokes a defendant's appellate waiver, the Circuit will decline to review the merits of a defendant's appeal if the issue raised on appeal is within the scope of the appellate waiver and the defendant knowingly and voluntarily agreed to the appellate waiver, unless "the waiver would work a miscarriage of justice." *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008) (citations omitted). The "miscarriage of justice" exception is applied "sparingly" by the Circuit. *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (quoting *United States v. Teeter*, 257 F. 3d 14, 26 (1st Cir. 2001)).

Given that it appears likely that the Circuit would decline to review the merits if Hernandez argued the identified procedural error on appeal due to the appellate waiver, the court needs to consider whether this impacts the Rule 35(a) analysis. In explaining what constitutes an "other clear error" for the purpose of Rule 35(a), the Circuit in *M.M.* relied upon the insight in the Advisory Committee's note stating that clear error "'would extend only to those cases in which an obvious error or mistake has occurred in the sentence' that 'would almost certainly result in a remand of the case to the trial court.'" *M.M.*, 23 F.4th at 220 (quoting FED. R. CRIM. P. 35 advisory committee's note to 1991 amendments). The court has already concluded, on review of the sentencing transcript, that an

9

obvious procedural error occurred that would almost certainly result in a remand of the case to the trial court.  But is that conclusion impacted by the fact that if the defendant herself filed a direct appeal raising this procedural error, the Circuit would likely not review the merits of her challenge due to her appellate waiver?

      The answer to this question is not provided by reference to any authority the court has identified.  However, the court notes that, in this instance, the court *sua sponte* entered the order vacating the sentence pursuant to Rule 35(a).  This action was taken on the court's own initiative rather than at the request of Hernandez.  Thus, the practical question of whether Hernandez would, in fact, be able to prevail on appeal and obtain a remand in light of her appellate waiver would seem to be unimportant when the court elected to vacate the sentence *sua sponte*.  If the court were to review a Rule 35(a) motion filed by a defendant who agreed to an appellate waiver in the plea agreement, this question would certainly bear further scrutiny.  However, the court concludes that, in the highly unusual procedural context presented here, the potential inability of the defendant to challenge the error at issue on appeal due to an appellate waiver is not determinative.

      The court notes that it did not lightly issue an order vacating Hernandez's sentence under Rule 35(a), and it does not casually deny the Government's motion for reconsideration.  To date, this is the only instance in which this court has taken the extraordinary procedural step of *sua sponte* vacating a judgment in a criminal

10

case pursuant to Rule 35(a). The court appreciates the finality of imposing a sentence and the benefit of that finality to all parties involved. However, in this specific instance, the court perceives that it committed a clear procedural error at sentencing that can and should be corrected by means of resentencing. *See, e.g.*, *United States v. Depape*, No. 22-cr-00426, 2024 WL 279426 (N.D. Cal. May 28, 2024) (vacating judgment and resentencing defendant pursuant to Rule 35(a) because court failed to provide defendant with opportunity to allocate at original sentencing). By denying the Government's motion and scheduling a resentencing hearing, the court is not indicating that any decision has been made about Hernandez's sentence. Rather, the court is holding a new sentencing hearing to ensure that the procedural error in the original sentencing is corrected, and the court properly considers Hernandez's argument for an alternate sentence of home incarceration in addition to all arguments presented by both parties. In conclusion, the court will deny the Government's motion for reconsideration because the Government has not established that the court committed a clear error of law in vacating the judgment pursuant to Rule 35(a).

## CONCLUSION

For the reasons stated herein, the court will deny the Government's motion for reconsideration, Doc. 753. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 3, 2025